IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID RAY HINOJOSA,

     Plaintiff,

v.                                                                                    No. 2:25-cv-00390-KG-KRS

UNITED STATES OF AMERICA, et al.,

     Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Plaintiff David Hinojosa's motion for default

judgment, Doc. 18, and Defendants' response, Doc. 22.  For the reasons below, the motion is

denied.

## I.  *Background*

This case arises from an incident which occurred in April 2022, when a United States

Department of Agriculture ("USDA") employee operating a government vehicle failed to stop at

a red light and collided with Plaintiff's car.  Doc. 1 at 3.  Plaintiff brings negligence claims under

the Federal Tort Claims Act ("FTCA") and New Mexico law.  *Id.* at 4–6.

Plaintiff filed this action on February 22, 2025.  *Id.* at 1.  On May 23, 2025, a private

process server mailed the summons and complaint by certified mail to the United States

Attorney's Office ("USAO").  Doc. 18-1 at 1.  Five days later, Defendants' counsel notified

Plaintiff by letter that service was defective because Federal Rule of Civil Procedure 4(i) does

not permit service by mail to the USAO's general address.  Doc. 22 at 2.  Plaintiff thereafter

mailed the summons and complaint by certified mail to the USAO's designated civil-process

clerk, who confirmed receipt on September 15, 2025.  *See* Doc. 18-2.

1

On October 31, 2025, the Chief Judge of the District of New Mexico stayed all civil cases in the district due to the federal government shutdown.  Doc. 22 at 4.  In this case, the Honorable Jerry Ritter extended Defendants' deadline to respond to 21 days "after the end" of the shutdown.  Doc. 17.   President Donald Trump signed appropriations legislation on the evening of November 12, 2025, restoring funding for the Department of Justice.  Doc. 22 at 4.  The USAO resumed operations the following day.  *Id.*  Shortly thereafter, the Chief Judge entered an order extending all civil deadlines in the District of New Mexico by 43 days.  *Id.* at 4–5.

On December 4, 2025, Plaintiff moved for default judgment under Federal Rule of Civil Procedure 55(d), arguing that Defendants failed to timely appear or otherwise respond to the Complaint.  Doc. 18.  Later that day, however, Defendants filed a Motion to Dismiss, Doc. 20.

## II.    *Legal Standard*

"Entry of a default judgment involves a two-step process."  *Meyers v. Pfizer*, 581 Fed. Appx. 708, 710 (10th Cir. 2014); *see also* Fed. R. Civ. P. 55(a)–(b).  "The first step involves the court clerk's decision whether to enter a default."  *Meyers*, 581 Fed. Appx. at 710.  Next, "the plaintiff can ask the court to grant a default judgment."  *Id.*  "[D]efault judgments are not favored by courts," but "considerable deference is given the trial judge's determination."  *Katzson Bros. v. U.S. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988); *see also Nikwei v. Ross Sch. of Aviation*, 822 F.2d 939, 941 (10th Cir. 1987) (trial court has "a great deal of latitude" in "exercising [its] discretion" in entering default judgment).  When the opposing party is the United States, default judgment may be entered only if the claimant "establishes a claim or right to relief by evidence that satisfies the court."  Fed. R. Civ. P. 55(d).

Service on the United States is governed by Federal Rule of Civil Procedure 4(i), which requires a party to either "deliver a copy of the summons and of the complaint to the United

States attorney for the district where the action is brought" or "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office."  The rule further requires the party to "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C."  Fed. R. Civ. P. 4(i)(1)(A)–(B).  The United States must answer a complaint within 60 days after service.  Fed. R. Civ. P. 12(a)(2).

### III.    *Analysis*

To start, Plaintiff's motion is premature.  Rule 55 establishes a two-step process: first, entry of default under Rule 55(a), and second, default judgment under Rule 55(b).  Because the Clerk has not entered default, Plaintiff's request for default judgment is premature.

But even if Plaintiff's motion were procedurally proper, the Court would decline to enter default judgment.  *Nikwei*, 822 F.2d at 941.  Plaintiff did not effectuate service until September 15, 2025.  Plaintiff's initial service attempt in May 2025 was ineffective because he mailed the summons and complaint to the USAO's general address, rather than to the civil-process clerk.  *See* Fed. R. Civ. P. 4(i)(1)(A)–(B).  Therefore, service was effectuated when the civil-process clerk received the certified mailing, on September 15, 2025.  *See* Doc. 18-2.

Additionally, the Court declines to treat the Government's response as untimely given the confusion surrounding the conclusion of the shutdown.  President Trump signed the appropriations legislation on the evening of November 12, 2025, and the USAO did not resume normal operations until the following day.  Doc. 22 at 4–5.  It is therefore unclear whether the shutdown ended on November 12 or November 13—and, in turn, whether the Government's response deadline fell on December 3 or December 4.  Moreover, the Chief Judge extended all district deadlines by 43 days, and Defendants' Motion to Dismiss fell within that extension.  *Id.* Given the uncertainty surrounding the shutdown's end and the overlap between the applicable

orders, the Court declines to treat the Government's filing as untimely.  Finally, there is no

indication that Plaintiff suffered any prejudice because of the delayed filing.

## IV.    *Conclusion*

Plaintiff's motion for default judgment, Doc. 18, is denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales\
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.