IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID RAY HINOJOSA,

    Plaintiff,

v.                                                                      No. 2:25-cv-00390-KG-KRS

UNITED STATES OF AMERICA,

    Defendant.

### <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Defendant United States of America's Motion to

Dismiss, Doc. 20, and Plaintiff David Hinojosa's Response, Doc. 27.  For the reasons below, the

motion is granted in part and denied in part.  The motion is granted with respect to Plaintiff's

claims for negligent hiring, qualification, training, supervision, and entrustment.  However, the

motion is denied as to Defendant's request to limit Plaintiff's recovery to the amount sought in

his first administrative complaint.

### I.    *Background*

Because Defendant brings a jurisdictional challenge, the Court considers Plaintiff's

complaint and information from his administrative claim.  *See Esposito v. United States*, 368

F.3d 1271, 1273 (10th Cir. 2004) (in evaluating a jurisdictional challenge under Rule 12(b)(1), a

court has "wide discretion" to examine materials outside of the complaint).

**The collision.**  Plaintiff alleges that, on April 22, 2022, a United States Department of

Agriculture ("USDA") employee operating a government vehicle in Las Cruces, New Mexico,

"failed to control his speed" at a red light and "violently crashed into the rear end of Plaintiff's

vehicle."  Doc. 1 at 3.  The government vehicle collided with Plaintiff's vehicle with "such force

that Plaintiff violently rear ended the vehicle in front of him."  *Id.*  Plaintiff alleges that the

collision caused him "serious personal injuries" and "substantial property damage" to his vehicle. *Id.* at 3, 7–8.

**Plaintiff's administrative claim.** On November 16, 2023, Plaintiff submitted a claim to the USDA on a Standard Form 95 ("SF-95"). *See* Doc. 20-1. Plaintiff described the basis of the claim as follows: "Client's [sic] were traveling westbound and started slowing for a red light when they were rear-ended and pushed into the vehicle in front of them by the driver of a government vehicle who stated he did not know how fast he was going but it was probably to [sic] fast." *Id.* at 1. He described the resulting damage to his vehicle as "front and rear damage," and his personal injuries as "[b]ruising on hip, neck pain, wrist pain and headaches." *Id.* He sought $68,246 in damages. *Id.* USDA responded with a settlement proposal, which Plaintiff rejected. Doc. 27-4 at 1–2; Doc. 27-5 at 1.

On January 8, 2025, Plaintiff's counsel submitted a second SF-95 to the USDA. *See* Doc. 27-3. The new SF-95 provided additional details about Plaintiff's damage—that the collision caused "major damage to front bumper, hood, engine and front windshield...to back bumper, trunk" such that the vehicle "was deemed a total loss." *Id.* He also described his personal injuries as "[l]ower back pain, mid back pain, upper back pain and right arm pain." *Id.* The new form listed total damages as $1,000,000. *Id.*

On March 23, 2025, USDA denied Plaintiff's administrative claim because "the parties were unable to reach a mutually agreeable settlement." Doc. 27-5 at 1.

**The present action.** Plaintiff now asserts three claims against Defendant. First, he brings a claim under the Federal Tort Claim Act ("FTCA") for negligent hiring, qualification, training, supervision, and entrustment. Doc. 1 at 5. Second, he asserts an FTCA claim for "independent liability," alleging that Defendant failed to exercise due care in operating a motor

vehicle. *Id.* at 5–6. Third, he asserts a negligence claim under New Mexico law for failure to exercise reasonable care. *Id.* at 6. He seeks $1,000,000 in damages. *Id.* at 7–8.

Defendant moves to dismiss the complaint. *See* Doc. 20. It argues that the Court lacks jurisdiction over Plaintiff's claims for negligent hiring, qualification, training, supervision, and entrustment, because those theories were not presented in his administrative claim. *Id.* at 1, 4. It also argues that Plaintiff's recovery is limited to the amount sought in his first SF-95. *Id.* at 12. Plaintiff opposes the motion, arguing that he exhausted his negligence claims and validly amended his administrative claim to increase his sum-certain demand. Doc. 27 at 2–8.

## II.    *Legal Standards*

**Federal Rule of Civil Procedure 12(b)(1).** If a court determines it lacks subject-matter jurisdiction over a claim, dismissal is automatic. Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of establishing a court's jurisdiction by a preponderance of the evidence. *See United States ex rel. Hafter D.O. v. Spectrum Emerg. Care*, 190 F.3d 1156, 1160 (10th Cir. 1999). When a party mounts a factual attack on jurisdiction by going beyond the complaint's allegations, the court has "wide discretion" to consider materials outside the pleadings to resolve disputed jurisdictional facts. *Esposito*, 368 F.3d at 1273.

**Exhaustion under the FTCA.** "The United States is immune from suit unless it has consented to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (internal quotations and citation omitted). The FTCA "is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976).

As a condition of that waiver, a claimant must present an administrative claim to the appropriate federal agency before filing suit.  28 U.S.C. § 2675(a).  The administrative claim must include "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim."  *Est. of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005) (quotations and citations omitted).  The requirement is "jurisdictional and cannot be waived."  *Id.*; *see also Nero v. Cherokee Nation*, 892 F.2d 1457, 1463 (10th Cir. 1989) ("[B]ringing an administrative claim is a jurisdictional prerequisite to suit, imposed by Congress, which the courts have no power to waive.").

### III.    *Analysis*

For the reasons below, the Court (A) grants Defendant's motion with respect to Plaintiff's claims for negligent hiring, qualification, training, supervision, and entrustment, and (B) denies Defendant's request to limit Plaintiff's recovery to the amount sought in his first SF-95.

### A.    *The Court lacks jurisdiction over Plaintiff's claims for negligent hiring, qualification, training, supervision, and entrustment.*

First, Defendant argues that Plaintiff failed to exhaust his negligent hiring, qualification, training, supervision, and entrustment claims.  The Court agrees and dismisses those claims for lack of jurisdiction.

To satisfy the FTCA's exhaustion requirement, a claimant must present an administrative claim to the appropriate federal agency before filing suit.  § 2675(a).  The test under § 2675(a) is "an eminently pragmatic one:" the claim's language must "serve[] due notice that the agency should investigate the possibility of particular (potentially tortious) conduct."  *Trentadue*, 397 F.3d at 852–53 (internal quotation mark and citation omitted).  The administrative claim must provide "notice of the facts and circumstances underlying a claim rather than the exact grounds upon which plaintiff seeks to hold the government liable."  *Id.*

Under these principles, Plaintiff failed to notify USDA of his claims for negligent hiring, qualification, training, supervision, and entrustment. Plaintiff's administrative claim alleged only that a government truck driver failed to slow down before it collided with his vehicle. Doc. 27-3 at 1; Doc. 20-1 at 1. That brief and specific allegation directed the USDA to investigate the immediate circumstances of the collision and its employee's failure that day. Plaintiff's amended complaint, however, alleges conduct that extends well beyond the collision's immediate circumstances. It alleges an institutional failure—that the USDA failed to train its drivers, screen applicants for driver certification, establish reasonable rules, and communicate instructions. *See* Doc. 1 at 4–5. Those allegations implicate high-level agency decisions and events that occurred well before the collision. Plaintiff's administrative claim contained no facts that would have alerted the USDA to undertake such a broad investigation. Plaintiff therefore failed to exhaust his administrative remedies as to those claims, and dismissal is warranted. Courts in this district routinely dismiss negligence claims on similar grounds. *See, e.g.*, *Arnold v. United States*, 2022 WL 1045651, at *5 (D.N.M.) (insufficient notice of negligent supervision and entrustment claim where plaintiff only referenced car accident), *Barnes v. United States*, 707 Fed. Appx 512, 516 (10th Cir. 2017) (dismissing similar claims "lack[ing] even a cursory mention of [administrative] training or supervision" for failure to notify the federal agency of potential wrongdoing); *Gonzagowski v. United States*, 495 F. Supp. 3d 1048, 1110 (D.N.M. 2020) (dismissing plaintiff's negligent hiring, training, and supervision claims where plaintiff filed a "brief and specific" claim "focuse[d] only on an alleged [tortious act] and nowhere does it point a legally trained reader to investigate the United States' hiring, training and supervision of the [employees]").

Plaintiff's argument to the contrary is unpersuasive.  He argues that his administrative claim put the USDA on notice because the FTCA "requires notice of the facts and circumstances underlying a claim, and not the grounds upon which the plaintiff seeks to hold the government liable."  Doc. 27 at 2.  In support, he relies on *Trentadue*, 397 F.3d at 852–53.  But *Trentadue* is inapposite.  There, plaintiffs filed an administrative claim for intentional infliction of emotional distress ("IIED") based on a prison's alleged misconduct following an inmate's death.  397 F.3d 840, 852–53.  The Tenth Circuit held that exhaustion was satisfied because, while the administrative claim did not identify "the exact grounds upon which plaintiff [sought] to hold the government liable," the administrative claim and federal complaint asserted IIED claims "based on the same underlying conduct."  *Id.*  Here, Plaintiff's SF-95 alleged a single act of negligence by a single USDA employee.  His complaint, however, challenges conduct by additional agency personnel that predated the collision.  Because Plaintiff's complaint does not arise from the same "underlying conduct" described in his SF-95, his reliance on *Trentadue* is misplaced.  397 F.3d 840, 852–53.

The same distinction defeats Plaintiff's reliance on *Mellor v. United States*, 484 F. Supp. 641, 642 (D. Utah 1978), and *Kirby v. United States*, 2009 WL 302077, at *1 (N.D. Okla.).  In both, the court found exhaustion satisfied because the administrative claim and subsequent complaint arose from the same underlying conduct, notwithstanding differences in the legal theories asserted.

A separate line of cases that Plaintiff relies on is likewise unavailing.  *See* Doc. 27 at 4.  Those cases hold that an administrative claim may exhaust a theory not expressly identified when the nature of the incident itself would reasonably put the government on notice of that theory.  In *Anderson v. Dover Elevator*, for instance, the court concluded that an SF-95

describing an elevator malfunction put the government on notice to investigate whether its own negligent maintenance caused the accident.  WL 36739520, at *5 (D.N.M.).  The court reasoned that, given the nature of the incident—a sudden, unexplained elevator drop—negligent maintenance was an obvious potential cause, and the agency would not have acted "any differently" had the administrative claim expressly alleged negligent maintenance.  *Id.* (citing *Brown v. United States*, 838 F.2d 1157, 1160 (11th Cir. 1988)); *see also Silva v. United States Dep't of Air Force*, 2021 WL 6808435, at *2 (D.N.M.) (concluding that an SF-95 describing a slip-and-fall in a bathtub would have naturally prompted an investigation into the bathtub's condition and maintenance).  Here, nothing about the nature of the collision directed the USDA to a failure in its oversight practices.  Rather, the SF-95 alleged a discrete act of negligence—a driver's failure to slow down.

In sum, Plaintiff failed to exhaust his claims for negligent hiring, qualification, training, supervision, and entrustment.  The Court therefore lacks jurisdiction over them, and they are dismissed without prejudice.  *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (noting that dismissals based on jurisdictional defects are without prejudice).

**B.      Defendant's motion is denied insofar as it seeks to limit Plaintiff's recovery.**

Finally, Defendant argues that Plaintiff's recovery is limited to $68,246, the amount sought in his original SF-95.  The Court disagrees.  While it is true that, under the FTCA, a claimant generally may not recover more than the amount of the "sum certain" presented to the agency, *see* § 2675(b), Plaintiff validly amended his SF-95 to increase his sum-certain demand.  A claimant may amend a pending administrative claim before final agency action, so long as the amendment is submitted in writing and signed by the claimant or an authorized representative.  *See* 28 C.F.R. § 14.2(c).  Plaintiff's January 2025 SF-95 satisfies those requirements.  Counsel

submitted the amended SF-95 to the USDA in writing, accompanied by a signed letter.  *See* Doc. 27-3.  The submission concerned the same collision, injuries, and underlying claim described in the first SF-95, and the USDA received it before it denied Plaintiff's claim in March 2025.  *Id.* at 1.  The Court therefore treats the submission as a valid amendment to Plaintiff's administrative claim.  Because Plaintiff increased his sum-certain demand to $1,000,000 before final agency action, he may seek up to that amount here.  *See* § 2675(b).  Defendant's request to limit Plaintiff's recovery to the $68,246 demanded in the original SF-95 is therefore denied.

## IV.    *Conclusion*

For the reasons above, Defendant's motion to dismiss is granted in part and denied in part.  The Court concludes that:

- Plaintiff's claims for negligent hiring, qualification, training, supervision, and entrustment are dismissed without prejudice;

- Defendant's request to limit Plaintiff's recovery to $68,246 is denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.